# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# PECOS DIVISION

| | |
|---|---|
| WALTER L. WHITEHEAD and TOMMY WHITEHEAD, <br><br> Plaintiffs, <br><br> vs. <br><br> HSBC UK BANK PLC, <br><br> Defendant. | Civil Case No. 4:22-cv-24 |

## DEFENDANT'S NOTICE OF REMOVAL

1. Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant and Cross-Claim Defendant HSBC UK Bank PLC ("HSBC") gives notice of removal of the action captioned *Walter L. Whitehead and Tommy Whitehead v. Hongkong and Shanghai Banking Corporation UK Bank PLC and Marfa National Bank*, Cause No. 8126, pending before the District Court, 394th Judicial District, in Presidio County, Texas ("State Court Action").

2. Plaintiffs Walter L. Whitehead and Tommy Whitehead (collectively, "Plaintiffs") filed their Original Petition in the State Court Action on February 10, 2022.

3. Former Defendant and Cross-Claim Plaintiff Marfa National Bank ("MNB") filed its Original Answer on March 25, 2022, which among other things asserted a cross-claim against HSBC for contribution, indemnification, or setoff.

4. On June 21, 2022, the district court judge signed an order whereby Plaintiffs voluntarily dismissed with prejudice their claims against MNB ("Dismissal Order"). The Dismissal Order was filed in the State Court Action on June 27, 2022, and Plaintiffs' counsel emailed a copy of that pleading to HSBC's counsel on June 29, 2022, a true and correct copy of which is attached as **Exhibit A**.

5. HSBC timely removed on July 20, 2022.

**FACTUAL BACKGROUND**

6. On February 10, 2022, Plaintiffs filed their Original Petition naming HSBC UK Bank PLC and Marfa National Bank as defendants.

7. Plaintiffs asserted two claims against HSBC UK Bank PLC for Money Had and Received and Negligence.

8. Plaintiffs asserted two claims against MNB for Breach of Contract and Claim for Refund of Payment under Tex. Bus. & Com. Code § 4A.204.

9. Plaintiffs' claims were based on "a wire transfer of $100,000.00 to a specific bank account in the name of Plaintiffs with HSBC UK out of Plaintiffs' MNB bank account," which Plaintiffs allege was a "Fraudulent Transfer" that was initiated by an "unidentified hacker."

10. On March 25, 2022, MNB filed its Original Answer, which purported to assert a cross-action against HSBC for "contribution, indemnification, or setoff from HSBC for any and all amounts that Plaintiffs seek against this Defendant [MNB]."

11. Among other things, MNB prayed for "a judgment against HSBC and in favor of MNB for contribution, indemnification, or any setoff to which MNB may be entitled."

12. On June 21, 2022, the Texas state court judge signed the Dismissal Order, which voluntarily dismissed with prejudice Plaintiffs claims against MNB.

13. The clerk filed the Dismissal Order on June 27, 2022.

**GROUND FOR REMOVAL**

14. This case is removable because there is complete diversity between the parties and the amount in controversy exceeds $75,000.

15.  28 U.S.C. § 1332(a)(2) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between—citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State."

16.  In accordance with 28 U.S.C. § 1332, there is complete diversity between the parties. In paragraphs 2 and 3 of their Original Petition, Plaintiffs plead that they are natural persons who reside in Sonora, Texas. Based on Plaintiffs' allegations, HSBC alleges that Plaintiffs are Texas citizens. Based on Plaintiffs' allegations, HSBC alleges that Plaintiffs are not citizens of a foreign state.

17.  In paragraph 4 of their Original Petition, Plaintiffs allege that HSBC is a "British multinational financial institution whose principal place of business is located at 1 Centenary Square, Birmingham B1 1HQ, United Kingdom." HSBC confirms and alleges that it is a citizen of a foreign state, incorporated under the laws of the United Kingdom with its principal place of business in the United Kingdom.

18.  In paragraph 5 of their Original Petition, Plaintiffs plead that MNB is a Texas financial institution whose principal place of business is in Texas. On information and belief, MNB is a branch and/or DBA of The Big Bend Banks NA, a Texas corporation whose principal place of business is in Texas. Based on Plaintiffs' allegations, HSBC alleges that MNB is a Texas citizen. Based on Plaintiffs' allegations, HSBC alleges that MNB is not a citizen of a foreign state. Plaintiffs voluntarily dismissed their claims against MNB with

prejudice by order filed on June 27, 2022.

19. On information and belief, the Texas citizenship of Plaintiffs and MNB remained the same at the time of filing the original action and the time of removal.

20. The foreign citizenship of HSBC remained the same at the time of filing the original action and the time of removal.

21. The Court has diversity jurisdiction over Plaintiffs' claims against HSBC, and the Court has both diversity jurisdiction and supplemental jurisdiction over MNB's cross-claim against HSBC.

22. The general rule is that complete diversity must exist both at the time of filing the original action and at the time of removal. An exception applies where a plaintiff voluntarily dismisses a non-diverse defendant, which is a judicially created exception known as the "voluntary dismissal rule." The presence of diversity in these cases is determined based on the date the defendant filed for removal, not the date the plaintiff originally filed the action. *See, e.g., Arnold v. Allstate Fire & Cas. Ins. Co.*, No. A-19-CV-00558-LY, 2019 U.S. Dist. LEXIS 177317, at *6 (W.D. Tex. Oct. 10, 2019) (discussing voluntary dismissal rule).

23. The voluntary dismissal rule applies here. Plaintiffs consented to non-diverse defendant MNB's dismissal from the action on June 27, 2022. The case only became removable when Plaintiffs agreed to voluntarily dismiss their claims against MNB. Because removal is based on the filing of a voluntary dismissal order under 28 U.S.C. § 1446(b), the relevant date for determining diversity is the date of the removal petition. On the date of removal, complete diversity existed between Plaintiffs and Defendant HSBC. Additionally, on the date of removal, complete diversity existed between Cross-Claim Plaintiff MNB and Cross-Claim Defendant HSBC, and the Court has supplemental jurisdiction over that cross-

claim as well.

24. Consequently, the Court has diversity jurisdiction under 28 U.S.C. § 1332 over Plaintiffs' claims against HSBC, and the Court has both diversity jurisdiction under 28 U.S.C. § 1332 and supplemental jurisdiction under 28 U.S.C. § 1367 over MNB's cross-claim against HSBC. *See, e.g., Hammond v. Toy Indus. Ass'n, Inc.*, 8 F. Supp. 3d 484, 488 (S.D.N.Y. 2014) ("With respect to the cross-claims . . ., the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) wherever diversity jurisdiction does not exist.").

25. 28 U.S.C. § 1446(c)(2) provides that "[i]f removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed the amount in controversy . . . ." The amount in controversy exceeds $75,000. In paragraph 9 of the Original Petition, Plaintiffs allege that the lawsuit relates to a $100,000 wire transfer. Plaintiffs and MNB purport to seek at least that amount from HSBC.

26. At the time of the filing of the State Court Action, the Original Petition was not removable because Plaintiffs alleged that MNB was a defendant and Texas citizen, thus defeating complete diversity because Plaintiffs are also Texas citizens. Consequently, based on the well-pleaded allegation of the State Court Action, complete diversity did not exist because Plaintiffs alleged that Plaintiffs and MNB were Texas citizens for purposes of diversity jurisdiction.

27. 28 U.S.C. § 1446(b)(3) provides: "Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the

case is one which is or has become removable."

28.   On June 29, 2022, HSBC learned for the first time that the case was removable. On that date, Plaintiffs' counsel emailed HSBC's counsel a copy of the Dismissal Order reflecting that Plaintiffs had voluntarily dismissed with prejudice MNB from the State Court Action by order signed on June 21 and filed on June 27, 2022. *See* Exhibit A.

29.   28 U.S.C. § 1446(c)(1) states: "A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."

30.   HSBC timely removed this action less than 30 days after being emailed a copy of the Dismissal Order on June 29, 2022, and less than one year after Plaintiffs filed their Original Petition on February 10, 2022.

**COMPLIANCE WITH REMOVAL STATUTES**

31.   The Notice of Removal was properly filed in the United States District Court for the Western District of Texas, Pecos Division, because Presidio County, Texas, is located within that district and division.  Venue for removal is therefore proper because this is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a)

32.   This Notice of Removal is timely under 28 U.S.C. § 1446(b)(3).

33.   Consent or joinder of other defendants in the removal is not necessary because the only other defendant, MNB, was voluntarily dismissed from the State Court Action prior to removal.

34.   Pursuant to 28 U.S.C. § 1446(a), attached hereto are copies of all process documents, pleadings and orders served on HSBC by Plaintiffs with respect to this action.  The

case is one which is or has become removable."

28.   On June 29, 2022, HSBC learned for the first time that the case was removable. On that date, Plaintiffs' counsel emailed HSBC's counsel a copy of the Dismissal Order reflecting that Plaintiffs had voluntarily dismissed with prejudice MNB from the State Court Action by order signed on June 21 and filed on June 27, 2022. *See* Exhibit A.

29.   28 U.S.C. § 1446(c)(1) states: "A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."

30.   HSBC timely removed this action less than 30 days after being emailed a copy of the Dismissal Order on June 29, 2022, and less than one year after Plaintiffs filed their Original Petition on February 10, 2022.

**COMPLIANCE WITH REMOVAL STATUTES**

31.   The Notice of Removal was properly filed in the United States District Court for the Western District of Texas, Pecos Division, because Presidio County, Texas, is located within that district and division.  Venue for removal is therefore proper because this is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a)

32.   This Notice of Removal is timely under 28 U.S.C. § 1446(b)(3).

33.   Consent or joinder of other defendants in the removal is not necessary because the only other defendant, MNB, was voluntarily dismissed from the State Court Action prior to removal.

34.   Pursuant to 28 U.S.C. § 1446(a), attached hereto are copies of all process documents, pleadings and orders served on HSBC by Plaintiffs with respect to this action.  The

following chart reflects the exhibit numbers for the state court documents:

| Exhibit | Date | Document |
|---------|------|----------|
| 1 |  | State Court Docket Sheet |
| 2 | 02/10/2022 | Plaintiffs' Original Petition |
| 3 | 03/25/2022 | Marfa National Bank's Original Answer |
| 4 | 03/28/2022 | Marfa National Bank's Motion to Recuse |
| 5 | 04/27/2022 | Notice of Vacation Certificate |
| 6 | 05/02/2022 | Order of Assignment |
| 7 | 05/03/2022 | Order of Voluntary Recusal |
| 8 | 05/04/2022 | Order of Assignment |
| 9 | 05/10/2022 | Notice of Order of Assignment |
| 10 | 06/20/2022 | Agreed Motion to Dismiss Marfa National Bank |
| 11 | 06/27/2022 | Order of Dismissal |

35. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiffs and a copy, along with a Notice of Filing of Notice of Removal, will be promptly filed with the Clerk of the District Court in Presidio County, Texas.

36. In removing this case to federal court, HSBC expressly reserves, and does not waive, any and all jurisdictional, venue, or other objections that HSBC might have to the claims asserted against it by any party under Federal Rule of Civil Procedure 12 or otherwise, including without limitation a motion to dismiss for lack of personal jurisdiction or motion to dismiss based on the doctrine of *forum non conveniens*.

37. For the foregoing reasons, HSBC respectfully requests that this Court exercise jurisdiction over this action and enter orders and grant relief as may be necessary to secure

removal and to prevent further proceedings in this matter in the State Court Action.

Dated: July 21, 2022

                          Respectfully submitted,

/s/ *Ian S. Shelton*
Ian S. Shelton
Texas State Bar No. 24056305
Eversheds Sutherland (US) LLP
600 Congress Ave., Suite 2000
Austin, Texas 78701
Tel: (512) 721-2714
Fax: (512) 721-2656
ianshelton@eversheds-sutherland.com

***Counsel for Defendant***
***HSBC UK Bank PLC***

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2022, I served a copy of the foregoing on counsel below via email and U.S. mail:

| | |
|---|---|
| William R. (Butch) Korb<br>Bourland, Wall & Wenzel PC<br>301 Commerce Street, Suite 1500<br>Fort Worth, Texas 76102<br>bkorb@bwwlaw.com<br><br>*Counsel for Plaintiffs Walter L. Whitehead and Tommy Whitehead* | Monty W. Kimball<br>Law Offices of Monty W. Kimball<br>601 West Sul Ross Avenue<br>Alpine, Texas 79830<br><br><br>*Counsel for Plaintiffs Walter L. Whitehead and Tommy Whitehead* |

Mark C. Walker
Dickinson Wright PLLC
221 North Kansas Street, Suite 2000
El Paso, Texas 79901
mwalker@dickinsonwright.com

*Counsel for Defendant Marfa National Bank*

*/s/ Ian S. Shelton*
Ian S. Shelton
